ANDERSON TULLY Co. *v.* C. M. GOOCH HARDWOOD Co. *et al.*

(Division B. May 5, 1930.)

[128 So. 104. No. 28659.]

Hirsh, Dent & Landau, of Vicksburg, for appellant.

W. H. Clements, of Rolling Fork, and Farish & Bell, of Greenville, for appellee.

Ethridge, P. J., delivered the opinion of the court.

The appellant, Anderson Tully Company, instituted suit in the circuit court of Sharkey county in replevin for the recovery of seventy-nine gum logs, forty-five oak logs, nine elm logs, and one cypress log, alleged to have been wrongfully detained by the appellees. The logs were seized by the sheriff, and the affidavit having averred that they had been wrongfully taken from the possession of the appellant within thirty days, and the appellant having given bond as required by the statute (Code 1906, section 4225, Code 1917, section 3054, Code

1927, section 3259), they were surrendered by the sheriff to the appellant.

The logs, except the cypress log, were valued by the sheriff at ten dollars each, the cypress log being valued at five dollars, thus making an aggregate valuation of one thousand three hundred thirty-five dollars.

The appellant filed its declaration charging that it was the owner of certain lands situated in Issaquena county, describing same, and that its logs were wrongfully moved therefrom. The logs being in Sharkey county at the time of the institution of the suit, such suit was instituted there.

The defendant (appellees here) pleaded not guilty. The evidence in the case showed that the logs were cut from the lands described in the declaration, and the plaintiff (appellant here) introduced deeds to establish its title to such lands.

It developed, however, that a part of these lands had been expropriated for levee purposes by the board of Mississippi levee commissioners, and that the levee board had filed a claim to the logs. The defendants introduced the proceedings of the levee board, and the plaintiff was unable to prove whether the logs were cut upon lands not included in the expropriation, or what part, if any, were cut from lands belonging to the levee board; and, at the conclusion of the evidence, the court granted a peremptory instruction for the defendants. The levee board being a claimant, the issue between it and the defendants was not settled by the court, and is not involved here; and the plaintiff, having failed to prove that any part of the logs were cut off of lands belonging to it and not taken over by the expropriation proceedings, fails to sustain its case, and the peremptory instruction was rightfully granted by the court, and the judgment of the court below will be affirmed.

Affirmed.